IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALLISON BECKWITH,

        Plaintiff,

                                      3:13-cv-01726-PK

                                      OPINION AND
v.                                    ORDER

CAROLYN W. COLVIN,
Commissioner of Social Security,

        Defendant.

PAPAK, Magistrate Judge:

       Plaintiff Allison Beckwith ("Beckwith") seeks judicial review of the Commissioner of Social Security's final decision denying her application for social security insurance ("SSI") under Title XVI of the Social Security Act (the "Act"). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) and 1383(c)(3). I have considered all of the parties' briefs and all of the

evidence in the administrative record. For the reasons set forth below, the Commissioner's final decision is reversed and remanded for immediate payment of benefits.

## DISABILITY ANALYSIS FRAMEWORK

To establish disability within the meaning of the Act, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner has established a five-step sequential process for determining whether a claimant has made the requisite demonstration. *See Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); *see also* 20 C.F.R. § 416.920(a)(4). At the first four steps of the process, the burden of proof is on the claimant; only at the fifth and final step does the burden of proof shift to the Commissioner. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

At the first step, the Administrative Law Judge considers the claimant's work activity, if any. *See Bowen*, 482 U.S. at 140; *see also* 20 C.F.R. § 416.920(a)(4)(i). If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant will be found not disabled. *See Bowen*, 482 U.S. at 140; *see also* 20 C.F.R. §§ 416.920(a)(4)(i), 416.920(b). Otherwise, the evaluation will proceed to the second step.

At the second step, the ALJ considers the medical severity of the claimant's impairments. *See Bowen*, 482 U.S. at 140-141; *see also* 20 C.F.R. § 416.920(a)(4)(ii). An impairment is "severe" if it significantly limits the claimant's ability to perform basic work activities and is expected to persist for a period of twelve months or longer. *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. § 416.920(c). The ability to perform basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 416.921(b); *see also Bowen*, 482

U.S. at 141. If the ALJ finds that the claimant's impairments are not severe or do not meet the duration requirement, the claimant will be found not disabled. *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. § 416.920(a)(4)(ii), 416.920(c).

If the claimant's impairments are severe, the evaluation will proceed to the third step, at which the ALJ determines whether the claimant's impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. §§ 416.920(a)(4)(iii), 416.920(d). If the claimant's impairments are equivalent to one of the impairments enumerated in 20 C.F.R. § 404, subpt. P, app. 1, the claimant will conclusively be found disabled. *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. § 416.920(a)(4)(iii), 416.920(d).

If the claimant's impairments are not equivalent to one of the enumerated impairments, the ALJ is required to assess the claimant's residual functional capacity ("RFC"), based on all the relevant medical and other evidence in the claimant's case record. *See* 20 C.F.R. § 416.920(e). The RFC is an estimate of the claimant's capacity to perform sustained, work-related, physical and mental activities on a regular and continuing basis, despite the limitations imposed by the claimant's impairments. *See* 20 C.F.R. § 416.945(a); *see also* SSR 96-8p, 1996 WL 374184.

At the fourth step of the evaluation process, the ALJ considers the RFC in relation to the claimant's past relevant work. *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. § 416.920(a)(4)(iv). If, in light of the claimant's RFC, the ALJ determines that the claimant can still perform his or her past relevant work, the claimant will be found not disabled. *See Bowen*, 482 U.S. at 141; *see also* 20 C.F.R. §§ 416.920(a)(4)(iv), 416.920(f). In the event the claimant is

no longer capable of performing his or her past relevant work, the evaluation will proceed to the fifth and final step, at which the burden of proof is, for the first time, on the Commissioner.

At the fifth step of the evaluation process, the ALJ considers the RFC in relation to the claimant's age, education, and work experience to determine whether the claimant can perform any jobs that exist in significant numbers in the national economy. *See Bowen*, 482 U.S. at 142; see also 20 C.F.R. §§ 416.920(a)(4)(v), 416.920(g), 416.960(c), 416.966. If the Commissioner meets its burden to demonstrate that the claimant is capable of performing jobs existing in significant numbers in the national economy, the claimant is conclusively found not to be disabled. *See Bowen*, 482 U.S. at 142; *see also* 20 C.F.R. §§ 416.920(a)(4)(v), 416.920(g), 416.960(c), 416.966. A claimant will be found entitled to benefits if the Commissioner fails to meet its burden at the fifth step. *See Bowen*, 482 U.S. at 142; *see also* 20 C.F.R. §§ 416.920(a)(4)(v), 416.920(g).

## LEGAL STANDARD

A reviewing Court must affirm an Administrative Law Judge's decision if the ALJ applied the proper legal standards and his findings are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *see also Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007), *citing Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006).

The Court must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Id.* The Court may not substitute its judgment for that of the Commissioner. *See id., citing Robbins*, 466 F.3d at 882;

*see also Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the ALJ's interpretation of the evidence is rational, it is immaterial that the evidence may be "susceptible [of] more than one rational interpretation." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).

## BACKGROUND

Born in 1984, Beckwith was 25 years old on her alleged onset date of June 1, 2007. Tr. 19, 158, 242.[1] She protectively filed for SSI on June 23, 2010, alleging disability due to attention deficit disorder, post-traumatic stress disorder ("PTSD"), arthritis, anxiety, back pain, disorder of written expression, and a partially removed thyroid. Tr. 158. After her applications were denied initially and on reconsideration, Beckwith requested a hearing before an ALJ. Tr. 123. She appeared and testified before ALJ Richard Say on April 17, 2012. Tr. 35-51.

Beckwith dropped out of school in the ninth grade after suffering significant abuse from a male peer. Tr. 40, 158, 242-43. Prior to leaving school, Beckwith attended special education classes since early elementary school, and has not completed her GED. *Id.* Beckwith is the mother of six children, over whom she has custody of three. Tr. 243. In addition to cognitive difficulties, Beckwith suffers from back pain following a 2005 accident. Tr. 244. She also suffers from anxiety and PTSD following a car accident involving a head-on collision in 2006. *Id.* She alleges that she is completely disabled by her combined physical and emotional limitations. Tr. 45-46, 158.

On May 14, 2012, ALJ Say issued a decision finding Beckwith not disabled. Tr. 19-30. The Appeals Council denied Beckwith's subsequent request for review, making the ALJ's

---

[1] Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record filed herein as Docket No. 12.

5 – OPINION AND ORDER

decision the final decision of the Commissioner. Tr. 2; *see* 20 C.F.R. § 422.210(a); *see also, e.g., Sims v. Apfel*, 530 U.S. 103, 107 (2000). This appeal followed.

## SUMMARY OF ALJ FINDINGS

At the first step of the five-step sequential evaluation process, the ALJ found that Beckwith had not engaged in substantial gainful activity since the date of her application. Tr. 21. At the second step, the ALJ found that Beckwith had the following severe impairments: attention deficit hyperactivity disorder ("ADHD"), anxiety disorder, and degenerative disc disease of the spine. Tr. 21. Because Beckwith's impairments were deemed severe, the ALJ properly proceeded to the third step of the analysis. *Id.*

At the third step, the ALJ found that none of Beckwith's impairments met or equaled any of the impairments enumerated in 20 C.F.R. § 404, subpt. P, app. 1. Tr. 21. The ALJ therefore conducted an assessment of Beckwith's RFC. Tr. 23. The ALJ found that Beckwith could perform a light work with the following limitations: she had limited ability to read and write; she was able to add, subtract, multiply, and divide; she could occasionally stoop, kneel, crouch, or crawl; she needed to be able to change position every hour or so; she should avoid concentrate exposure to vibration; and she could perform unskilled work and routine tasks that could be learned by visual demonstration rather than by reading written instructions. Tr. 23.

At the fourth step of the five-step process, the ALJ found that Beckwith does not have past relevant work. Tr. 28. At step five, the ALJ determined that Beckwith could perform jobs that exist in significant numbers in the national economy, including garment folder, children's attendant, and photo copy machine operator. Tr. 29. The ALJ therefore concluded that Beckwith was not disabled. Tr. 29-30.

## ANALYSIS

Beckwith argues that the Commissioner erred because he (1) improperly rejected Beckwith's credibility; (2) improperly evaluated the medical opinion of Keli Dean, Psy.D.; and (3) failed to include her social limitations in the RFC.

### I. Credibility

Beckwith first argues that the ALJ erred by rejecting her subjective symptom testimony. In assessing the credibility of a claimant's testimony regarding subjective pain or the intensity of symptoms, the ALJ engages in a two-step analysis. 20 C.F.R. § 404.1529. First, the ALJ determines whether there is objective medical evidence of an underlying impairment that could reasonably be expected to produce some degree of symptoms. *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996). If such evidence exists, and barring affirmative evidence of malingering, the ALJ must give clear and convincing reasons for discrediting the claimant's testimony regarding the severity of the symptoms. *Id.* at 1284; *see also Lingenfelter*, 504 F.3d at 1036. If the record contains affirmative evidence of malingering, the ALJ need only provide specific and legitimate reasons for an adverse credibility finding. *Morgan v. Comm'r*, 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ may consider many factors in weighing a claimant's credibility, including: (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). Where the ALJ's credibility findings are supported by substantial evidence in the record, the reviewing court "may not engage in second-guessing."

7 – OPINION AND ORDER

*Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). However, a general assertion that plaintiff is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993); *see also Morgan*, 169 F.3d at 599.

The ALJ rejected Beckwith's statements regarding her symptoms and limitations. First, he found that Beckwith voluntarily chose not to seek work outside her home because she was caring for three small children. Tr. 28. Evidence of poor motivation to work can support an adverse credibility finding. *Osenbrock v. Apfel*, 240 F.3d 1157, 1165-66 (9th Cir. 2001) (evidence of self-limitation and lack of motivation are appropriate credibility considerations). Here, the ALJ noted Beckwith self-identified as a homemaker to her medical care providers, received financial support from her husband, and had a very minimal employment history. Tr. 23, 28, 45, 159, 243, 374. The Court finds, however, that this evidence does not support a finding that Beckwith lacked motivation to work. Indeed, Beckwith continued to seek employment despite serious symptoms and limitations, carrying 6 pregnancies to term, working to maintain a home and raise her children, and suffering from domestic abuse in her home. Beckwith's alleged lack of motivation to work therefore provides no weight to the ALJ's credibility assessment.

Second, the ALJ noted inconsistencies between Beckwith's statements about her abilities and her ability to perform daily activities. Tr. 25. A claimant's activities of daily living are a relevant credibility consideration. *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005). As discussed above, Beckwith was primarily responsible for caring for her three very young children and maintaining a home while her husband worked. Tr. 42, 43. Her ability to comply with the demands of these daily activities, however, does not contradict Beckwith's testimony

8 – OPINION AND ORDER

that she was limited in memory, concentration, and comprehension. Tr. 41, 158, 166, 171. Nor does the fact that Beckwith provides full-time daycare for her three children contradict her statement that she cannot work for eight hours per day on a sustained basis. Tr. 40, 43, 141, 245. There is no evidence in the record that Beckwith's children receive sustained and active care for eight hours every day on a regular schedule. Further, while Beckwith told a medical provider that she was able to lift her youngest child despite testifying that she was unable to lift over five pounds, she also testified that she was advised not to lift such an amount and could not do so on a sustained basis. Tr. 25, 166-71, 201.

Third, the ALJ found that Beckwith made equivocal statements regarding her ability to work. Tr. 28. The Ninth Circuit has upheld an adverse credibility determination where the claimant was a vague witness with respect to his alleged disability and pain symptoms. *Tommasetti*, 533 F.3d at 1040. Here, Beckwith testified that she had "no idea" whether she could perform a job with a sit/stand option, despite alleging in her application that she was completely disabled and incapable of sustaining work. Tr. 45, 158. Beckwith's somewhat equivocal statements regarding her ability to work do not impugn her credibility. The hearing transcript provides, in relevant part, the following exchange between the ALJ and Beckwith:

> Q: [I]f you had a job where you could alternate between sitting and standing, [could you] make it all day at work … [?]
> A: I have no idea. I haven't – I've only been at jobs where either you have to stay sitting the whole entire time or up on your feet all day.

Tr. 45. Based on record, the Court finds that Beckwith's answer to this line of questioning in no way renders her testimony "vague" as required by *Tommasetti*; rather, she simply did not know the answer to the ALJ's question. Beckwith's testimony regarding her ability to perform work with a sit/stand option thus does not provide a clear and convincing reason for rejecting her credibility. *Tommasetti*, 533 F.3d at 1040.

9 – OPINION AND ORDER

Fourth, the ALJ found that Beckwith's testimony regarding her physical limitations was inconsistent with the medical evidence. Tr. 24. A conflict with the medical record is a sufficient basis for rejecting a claimant's subjective testimony. *Carmickle v. Comm'r*, 533 F.3d 1155, 1161 (9th Cir. 2008). Here, the ALJ also noted that physical examinations revealed full strength in Beckwith's lower extremities, non-focal neurological findings, an ability to walk on her heels and toes, and/or a normal gait. Tr. 25-26, 201, 209, 266, 271. He also noted that despite Beckwith's testimony regarding memory problems and significant social limitations, a mental status examination revealed generally normal results with respect to alertness, orientation, insight, and judgment. Tr. 196-200, 245-46, 266-75. The Court finds no inconsistency in this record. Beckwith clearly testified that she was able to care for her children, implying a degree of mental and physical capacity consistent with the medical findings noted above.

The ALJ also noted that Beckwith testified to pain in her spine and hips, the ALJ noted that imaging of her spine showed only mild findings, with no evidence of stenosis. Tr. 41, 43-44, 158, 232, 358. The ALJ, however, nevertheless found Beckwith's degenerative disc disease of the spine to be a severe impairment. Tr. 21. On this record, it was not reasonable for the ALJ to conclude that Beckwith's testimony regarding the nature and severity of her limitations was not fully credible because it conflicted with the medical evidence. In sum, the ALJ failed to provide clear and convincing reasons for rejecting Beckwith's credibility. *Burch*, 400 F.3d at 680-81.

## II.   Medical Opinion of Keli Dean, Psy.D.

Beckwith next argues that the ALJ improperly rejected the medical opinion of examining psychologist Keli Dean, Psy.D. The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. *Carmickle*, 533 F.3d at 1164. The

10 – OPINION AND ORDER

Ninth Circuit distinguishes between the opinions of treating, examining, and non-examining physicians. The opinion of a treating physician is generally accorded greater weight than the opinion of an examining physician, and the opinion of an examining physician is accorded greater weight than the opinion of a non-examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). An uncontradicted treating physician's opinion can be rejected only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991).

In contrast, if the opinion of an examining physician is contradicted by another physician's opinion, the ALJ must provide "specific, legitimate reasons" for discrediting the examining physician's opinion. *Lester*, 81 F3d at 830. Specific, legitimate reasons for rejecting a physician's opinion may include its reliance on a claimant's discredited subjective complaints, inconsistency with medical records, inconsistency with a claimant's testimony, and inconsistency with a claimant's daily activities. *Tommasetti*, 533 F.3d at 1040. An ALJ may also discount a medical source's opinion that is inconsistent with the source's other findings. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). It is legal error to ignore an examining physician's medical opinion without providing reasons for doing so, and an ALJ effectively rejects an opinion where he ignores it. *Smolen*, 80 F.3d at 1286.

Dr. Keli Dean performed a full psychological evaluation with Beckwith on November 12, 2010. Tr. 242-62. In addition to a clinical interview, Dr. Dean administered a number of intelligence and memory tests. Tr. 245-49. Dr. Dean noted that Beckwith was cooperative with the evaluation. *Id.* Based on her examination, Dr. Dean recommended the Beckwith be able to work in a distraction-free setting for training and stated that she would benefit from extended training periods in addition to the use of a job coach while learning tasks. Tr. 253-58. She recommended that Beckwith be able to move around frequently throughout the day, take

11 – OPINION AND ORDER

frequent breaks or change tasks frequently, and use a tape recorder when learning new information or attending meetings. *Id.* Dr. Dean also recommended liberal repetition of information and assurances of eye contact before speaking, division of large assignments into smaller tasks, checklists of job duties, and time reminders. Tr. 257-58. In addition to her extensive evaluation report, Dr. Dean completed a residual functional capacity form, and opined that Beckwith would have moderate difficulty with a number of work-related mental tasks, including remembering locations and work procedures, performing within a schedule and maintaining regular attendance and punctuality, working in coordination or proximity to others without being distracted by them, accepting instructions and responding appropriately to criticism from supervisors, completing a normal workday or week without interruptions from psychologically based symptoms, and performing at a consistent pace without an unreasonable number and length of rest breaks.[2] Tr. 261-62.

The ALJ gave little weight to Dr. Dean's opinion, which was contradicted by the medical assessment of the State agency non-examining psychologist Dorthy Anderson, Ph.D. Tr. 26-27, 73-74. Dr. Anderson reviewed the medical record, including Dr. Dean's notes and conclusions, and opined that Beckwith was not significantly limited in most relevant areas of mental functioning. *Id.* The ALJ was therefore required to provide specific, legitimate reasons for rejecting Dr. Dean's controverted opinion. *Lester*, 81 F3d at 830.

First, the ALJ stated that Dr. Dean made "several recommendations based on [Beckwith's] subjective reports of symptoms," despite some indicators that Beckwith was feigning a mental disorder. Tr. 27, 250. An ALJ may reject an examining physician's

---

[2] In this context, a moderate limitation is defined as one that "seriously interferes with the individual's ability to perform the designated activity on a regular and sustained basis." Tr. 261.

12 – OPINION AND ORDER

contradicted opinion because it was "based primarily" upon unreliable subjective complaints and otherwise unsupported by objective medical evidence. *Chaudhry v. Astrue*, 688 F.3d 661, 667-71 (9th Cir. 2012) (ALJ properly rejected a medical opinion where physician observed claimant "appeared not to exert adequate effort during testing"). Here, Dr. Dean did not review Beckwith's mental health records and relied entirely upon Beckwith's self-reports in formulating her assessment and recommendations. Tr. 25, 246. Noting that Beckwith "may not have answered [her questions] in a completely forthright manner," Dr. Dean stated that her clinical hypotheses "should be reviewed with these considerations in mind." Tr. 250-51. Dr. Dean, however, was clearly aware that Beckwith might have exaggerated her mental limitations during the examination, and wrote her assessment with that in mind. In light of this, and the fact that the ALJ improperly rejected Beckwith's credibility, it was not appropriate for the ALJ to assign less weight to Dr. Dean's conclusions. *Chaudhry*, 688 F.3d at 667-71.

As a second reason for rejecting Dr. Dean's opinion, the ALJ found that Dr. Dean "failed to address the inconsistency between her opinion and the claimant's success at taking care of ... small children and running her home independently." Tr. 27. The ALJ is entitled to resolve inconsistencies in the record. *Tommasetti*, 533 F.3d at 1040; *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (upholding ALJ's finding that physician's opinion was inconsistent with claimant's ability to "maintain[] a household and rais[e] two young children"). Here, Beckwith spends a typical day caring for her three small children. Tr. 23, 28, 40, 374, 375. Beckwith's ability to care for her children in her home, however, does not straightforwardly contradict Dr. Dean's opinion that Beckwith needs a "distraction free setting" in order to perform tasks and has moderate restriction in her ability to work within a schedule, maintain regular attendance, and

respond appropriately to changes. Tr. 261-62. These restrictions are plausible even in light of Beckwith's ability to raise her children, because they apply to an outside-the-home employment setting and involve performance of learned tasks and accountability to a supervisor. The Court thus finds that the ALJ did not provide legally sufficient reasons to reject Dr. Dean's opinion.

### III.  Social Limitations in RFC

Beckwith argues, finally, that the ALJ erred because the RFC did not capture her limitations in social functioning. Here, the ALJ found that Beckwith was moderately limited in social functioning, but did not include any limitations on social interactions in the RFC. Tr. 22-23. Even if this was error, it was harmless because it had no effect on the ALJ's ultimate non-disability determination. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). Here, the ALJ limited Beckwith to light work with the limitation that she perform unskilled work and routine tasks that could be learned by visual demonstration rather than by reading written instructions. Tr. 23. Based on her RFC and the testimony of a vocational expert, the ALJ determined that Beckwith could perform the representative occupations of garment folder, children's attendant, and photo copy machine operator. Tr. 29. According to the Dictionary of Occupational Titles, the representative occupation of garment folder does not involve significant interaction with people and entails a low degree of verbal aptitude, consistent with "moderate" difficulties in social functioning. DICOT 789.687-066, 1991 WL 681266. The ALJ's conclusion that Beckwith could perform work that exists in significant numbers in the national economy is thus unaffected by Beckwith's moderate social limitations. Thus, any error in omitting Beckwith's social limitations from the RFC was harmless, because it had no effect on the ALJ's ultimate non-disability determination. *Molina*, 674 F.3d at 1115. Because the ALJ improperly rejected the opinion of Dr. Dean as well as Beckwith's testimony, however, this issue is moot.

14 – OPINION AND ORDER

## IV. Remand

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Harman v. Apfel*, 211 F3d 1172, 1178 (9th Cir 2000), *cert. denied*, 531 US 1038 (2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Strauss v. Comm'r*, 635 F3d 1135, 1138-39 (9th Cir 2011) (quoting *Benecke v. Barnhart*, 379 F3d 587, 593 (9th Cir 2004)). The court may not award benefits punitively and must conduct a "credit-as-true" analysis to determine if a claimant is disabled under the Act. *Id* at 1138.

Under the "credit-as-true" doctrine, evidence should be credited and an immediate award of benefits directed where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id.* The "credit-as-true" doctrine is not a mandatory rule in the Ninth Circuit, but leaves the court flexibility in determining whether to enter an award of benefits upon reversing the Commissioner's decision. *Connett v. Barnhart*, 340 F3d 871 876 (9th Cir 2003). The reviewing court should decline to credit testimony when "outstanding issues" remain. *Luna v. Astrue*, 623 F3d 1032, 1035 (9th Cir 2010).

As noted, the ALJ failed to provide legally sufficient reasons for rejecting Dr. Dean's opinion and for discrediting Beckwith's testimony. If Dr. Dean's opinion and the testimony are credited, no outstanding issues remain to be resolved before a determination of disability can be

15 – OPINION AND ORDER

made. The VE testified that a person with the limitations described by Beckwith and Dr. Dean would not be employable in the national economy. Tr. 50. On this record, it is clear that a finding of disability is appropriate. Thus, a remand for further proceedings is unnecessary, and the Commissioner's decision should be reversed and remanded for immediate payment of benefits.

## CONCLUSION

The ALJ's decision finding Beckwith not disabled is not supported by substantial evidence in the record and is therefore reversed and remanded for the payment of benefits.

Dated this 6th day of November, 2014.

Honorable Paul Papak
United States Magistrate Judge

16 – OPINION AND ORDER