IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALLISON BECKWITH,

        Plaintiff,

                                            3:13-cv-01726-PK

                                            OPINION AND
v.                                          ORDER

CAROLYN W. COLVIN,
Commissioner of Social Security,

        Defendant.

PAPAK, Magistrate Judge:

        Pursuant to Federal Rule of Civil Procedure 59(e), defendant Carolyn W. Colvin (the "Commissioner") moves to alter or amend the Court's November 6, 2014 Order and Judgment remanding this case for an award of benefits under Title XVI of the Social Security Act. For the reasons discussed below, the Commissioner's motion is denied.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 59(e), a court has discretion to alter or amend a judgment if: (1) it is presented with newly discovered evidence; (2) it committed clear error or made an initial decision that was manifestly unjust; or (3) there is an intervening change in controlling law. *Ybarra v. McDaniel*, 656 F .3d 984, 998 (9th Cir. 2011), *cert. denied*, 133 S.Ct. 424 (2012); *see also McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999) ("A motion for reconsideration under Rule 59(e) should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law").

## BACKGROUND

Plaintiff Allison Beckwith ("Beckwith") protectively filed for social security insurance ("SSI") under Title XVI of the Social Security Act on June 23, 2010. The Commissioner issued a final decision denying her application, and Beckwith sought judicial review in this Court. After considering the parties' briefs and the entire administrative record, the Court issued an Opinion and Order reversing the Commissioner's decision and remanding the case for immediate payment of benefits. The Commissioner timely filed this motion pursuant to Rule 59(e) to alter or amend the Court's Order and Judgment.

## ANALYSIS

Pursuant to Rule 59(e), because the Commissioner does not present newly discovered evidence or identify an intervening change in controlling law, the Commissioner must show that the Court "committed clear error or made an initial decision that was manifestly unjust." *Ybarra*, 656 F .3d at 998. As an initial matter, the Commissioner contests the credit-as-true doctrine referenced by the Court in its Opinion. Under the credit-as-true doctrine, evidence should be

credited and an immediate award of benefits directed where: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Strauss v. Comm'r*, 635 F.3d 1135, 1138-39 (9th Cir. 2011) (quoting *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004)). The "credit-as-true" doctrine leaves the court flexibility in determining whether to enter an award of benefits upon reversing the Commissioner's decision. *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003). "[A]pplication of the credit-as-true rule is discretionary ... and can be overturned only by the district court abusing its discretion." *Garcia v. Astrue*, 472 Fed.Appx. 614, *1 n.1 (9th Cir. 2012). While the Court acknowledges the Commissioner's objection to the credit-as-true doctrine, the doctrine has not been rejected in the Ninth Circuit. *See id.* The Court therefore finds that the Commissioner's objection to this doctrine does not provide grounds to set aside the Court's Order and Judgment under the Rule 59(e) standard.

The Commissioner next argues that the Court committed clear error because "the Court did not evaluate the record as a whole to determine whether there is any serious doubt regarding [Beckwith's] disability status." Def.'s Motion 4. As stated in its November, 2014 Order, however, the Court considered the entire administrative record as well as the briefs in reaching its decision. *See* Dkt. 24, 1-2. Accordingly, the Court's conclusion was based upon the entire record.

The Commissioner also argues that the Court failed to reconcile the evidence credited as true with "evidence to the contrary." Further, the Commissioner argues that the Court "cannot resolve this conflict because 'a judicial judgment cannot be made to do service for an

3 – OPINION AND ORDER

administrative judgment,' and a court reviewing an administrative decision should not 'reach its own conclusion based on [its own inquiry].'" Citing *Gonzales v. Thomas*, 547 U.S. 183, 186 (2006). The Commissioner specifically points to a conflict between the credited opinion of treating physician Keli Dean, Psy.D., and state agency consulting physician Dorothy Anderson, Ph.D. Once the opinion of Dr. Dean is credited, however, there is no legally significant conflict in the evidence.

State agency psychologist Dr. Anderson assessed Beckwith's limitations in a manner that conflicts with the opinion of treating physician Dr. Dean. Tr. 73-74. Specifically, Dr. Anderson found that Beckwith could maintain concentration, persistence and pace given simple, repetitive tasks. *Compare* Tr. 256-60 (Dr. Dean's assessment). As discussed above, the Court's Order credited the opinion of Dr. Dean over that of the non-examining agency psychologist, and concluded that Beckwith should be awarded benefits based in part on Dr. Dean's opinion evidence. A non-examining physician's opinion may constitute substantial evidence to disregard the opinion of an examining physician if it is consistent with other independent evidence in the record and the ALJ does not rely on the non-examining physician's report alone. *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995). Here, Dr. Anderson's opinion alone does not constitute substantial evidence sufficient to rebut the controlling weight due to treating physician Dr. Dean's opinion. *See* 20 C.F.R. § 416.927(d)(2); *Orn v. Astrue*, 495 F.3d 625, 631–32 (9th Cir. 2007) (the opinion of an applicant's treating physician is entitled to more weight than the opinions of doctors who do not treat the claimant, and only if there is substantial evidence in the record contradicting the opinion of the treating physician is their opinion no longer entitled to controlling weight); *see also* SSR No. 96–2p, 1996 WL 374188. The Court was therefore not

required to reconcile Dr. Anderson's opinion with the credited opinion of Dr. Dean. Dr. Dean's opinion was entitled to controlling weight. *Id.*

The Commissioner argues, finally, that the record "raises doubts as to whether [Beckwith] is actually disabled." Def.'s Mot. 6. Here, the Commissioner does not discuss new evidence but rather reargues facts raised in briefing as to why the ALJ's decision was proper. As this argument does not advance the Commissioner's position under any prong of Rule 59(e), the Court rejects this argument. The Court therefore concludes that the Commissioner has not met its burden under Rule 59(e).

## CONCLUSION

For the reasons discussed above, the Commissioner's motion to alter or amend the judgment is DENIED.

Dated this 16th day of December, 2014.

Honorable Paul Papak
United States Magistrate Judge

5 – OPINION AND ORDER